IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Murchison Capital Partners, L.P., Robert Murchison, Dr. Alan Hull, M.D., Back Nine Investments, Ltd., Douglas Keller, Heather Powell, Jimenez Dynasty Trust, John Purtell, Thomas White, David F. McCool, Katherine McCool, Brian McCool Trust, Troy McCool Trust, Dr. Martin White, M.D., Martin Gay White IRA Rollover, Michael Sloan, Pat Sullivan, Cyndee Sullivan, Pat Foley, Paul Jenkins, Pedro Vergne, Purtell Business Ventures, Ltd., Scott Roulet, John M. Purtell Jr., Family Irrevocable Trust, and XPX MNGT L.L.C., | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-4746-L** |
| Nuance Communications, Inc., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

This action was removed to this court on November 20, 2012 on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, excluding interests and costs.  Upon reviewing Defendant's notice of removal, the court observes that Defendant, which is a corporation, adequately sets forth its citizenship.  Plaintiffs in this case are individuals, a limited partnership, trusts, and limited liability companies. Defendant alleges that, "[f]or diversity purposes, none of the Plaintiffs is a resident of either Delaware or Massachusetts."

**Memorandum Opinion and Order - Page 1**

Def.'s Not. of Removal to Fed. Court Pursuant to 28 U.S.C. § 1446 ¶ 2. These allegations are insufficient to determine the citizenship of Plaintiffs and more information is necessary for the court to determine whether complete diversity of citizenship exists.

## II.   Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*"). As this case was removed based on diversity jurisdiction, the court does not address federal question jurisdiction.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" controls for diversity purposes, rather than the citizenship of the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted); *see also Hummel v. Townsend*, 883 F.2d 367, 371 (5th Cir. 1989). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.  Conclusion

The allegations regarding the citizenships of Plaintiffs do not permit the court to determine whether complete diversity exists between the parties. Accordingly, Defendant shall file an amended

notice of removal that sets forth the citizenship of *all* Plaintiffs in accordance with the standards set forth by the court. *Defendants shall file its amended notice of removal by Friday, December 21, 2012.*

   **It is so ordered** this 30th day of November, 2012.

                                          _____
                                          Sam A. Lindsay
                                          United States District Judge

**Memorandum Opinion and Order - Page 5**