IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Murchison Capital Partners, L.P., Robert Murchison, Dr. Alan Hull, M.D., Back Nine Investments, Ltd., Douglas Keller, Heather Powell, Jimenez Dynasty Trust, John Purtell, Thomas White, David F. McCool, Katherine McCool, Brian McCool Trust, Troy McCool Trust, Dr. Martin White, M.D., Martin Gay White IRA Rollover, Michael Sloan, Pat Sullivan, Cyndee Sullivan, Pat Foley, Paul Jenkins, Pedro Vergne, Purtell Business Ventures, Ltd., Scott Roulet, John M. Purtell Jr., Family Irrevocable Trust, and XPX MNGT L.L.C., § § § § § § § § § § § § § § Plaintiffs, § § v. § § Nuance Communications, Inc., § § Defendant. § | Civil Action No. **3:12-CV-4746-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Amended Notice of Removal, filed December 21, 2012. The court, as required by law, has made an independent inquiry to determine whether it has subject matter jurisdiction to entertain this action. Because the court cannot determine whether complete diversity exists between the parties, it **grants** Defendant's request for leave to conduct limited jurisdictional discovery to determine the citizenship of Plaintiffs.

**Memorandum Opinion and Order - Page 1**

## I. Background

This action was removed to this court on November 20, 2012, on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, excluding interests and costs. On November 20, 2012, the court informed Defendant Nuance Communications, Inc. ("Nuance") that its notice of removal did not adequately set forth the citizenship of Plaintiffs in this case and, therefore, the court could not determine whether complete diversity exists between the parties. Because of the lack of information, the court instructed Nuance to file an amended notice of removal affirmatively setting forth the citizenship of *all* Plaintiffs in accordance with the standards set forth by the court by December 21, 2012.

Nuance filed an Amended Notice of Removal on December 21, 2012, as instructed. In its Amended Notice of Removal, Nuance sets forth the *residency* of the individual, trustee and IRA Rolllover plaintiffs, none of which resides in Delaware, where Nuance is incorporated, or in Massachusetts, where it maintains its principal place of business. Nuance acknowledges that "residence" and "domicile" are not synonymous for diversity purposes, but asserts that "'[e]vidence of a person's place of residence . . . is prima facie proof of his domicile.'" Def.'s Am. Not. of Removal 5 (quoting *Holinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Thus, Defendant argues it has provided *prima facie* evidence of domicile and therefore has met its burden with respect to establishing the citizenship of each of the individual plaintiffs at the time this action was filed and at the time of removal. With respect to the unincorporated entities, Defendant can only establish the citizenship of the general partners of the Texas limited partnerships. Defendant asserts that it is "unable to determine the identity and citizenship of the Texas limited partners" of the limited partnerships and

"the members of the limited liability company, because such information does not appear to be publicly available, and Plaintiffs' counsel has refused to provide it." Nuance therefore requests leave of court to conduct limited jurisdictional discovery in the form of interrogatories asking Plaintiffs to set forth the identity and citizenship of the four unincorporated entities and any other discovery the court deems necessary in order to confirm that full diversity of citizenship exists. Although there has been no formal document filed by Plaintiffs, according to an exchange of e-mails between the parties, they are opposed to jurisdictional discovery.[*] The court does not understand Plaintiffs' argument regarding waiver of objection to removal, as lack of subject matter jurisdiction can be raised at any time, even at the appellate level.

## II.     Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of*

---

[*] In support of its contention that Plaintiffs' counsel refuses to disclose such information, Defendant attaches an e-mail between its counsel and Plaintiffs' counsel, exchanged between December 12-14, 2012, wherein Defendant's counsel requested the identities of the partners and members and their states of citizenship. According to the e-mail, Plaintiffs' counsel responded:

> We do not agree that Nuance had any reason to believe anything about the diversity of citizenship of the plaintiff entities at the time it removed. We don't believe that Nuance had a good-faith basis to claim that removal was proper on the face of the state-court pleadings, and the citizenship of the members/partners of the plaintiff entities is only one reason. It appears, instead, that Nuance removed the case within 30 days of Plaintiffs' filing suit simply to get the matter into federal court, and is now looking for factual support for the diversity of citizenship it claimed existed at the time of removal. That investigation should have taken place before Nuance removed the case, and not in Judge Lindsay's court. We decline to engage in discovery in this forum and will not subject our clients to an argument that they waived their objection to the removal.

Def.'s Am. Not. of Removal App. 295.

**Memorandum Opinion and Order - Page 3**

*Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*"). As this case was removed based on diversity jurisdiction, the court does not address federal question jurisdiction.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the

time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trust is that of its trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote

omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**III.   Analysis**

At this somewhat late stage, the court still does not know whether it possesses subject matter jurisdiction over this action. That Defendant "believes" that complete diversity exists is insufficient to invoke the subject matter jurisdiction of this court. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, at *2 (5th Cir. 2008) (citing *Barkhorn v. Adlib Assocs., Inc.*, 345 F.2d 173, 174 (9th Cir. 1965) ("Parties cannot confer jurisdiction on a federal court simply by expressing confidence in it.").

Although Defendant contends that residence is *prima facie* evidence of domicile, this statement applies only in the context of citizenship of individuals, not entities. Accordingly, the holding in *Hollinger* does not assist the court in establishing whether it has jurisdiction based on diversity of citizenship. The law is clear that for diversity purposes, "[a] partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners" and the citizenship of a limited liability company "is determined by the citizenship of all of its members."

*Carden*, 494 U.S. at 195-96; *Harvey,* 542 F.3d at 1080.  Here, the state court petition does not identify the members of the limited liability companies or the partners of the limited partnerships, much less allege the members and partners' residency or citizenship.  It is apparent to the court that Nuance removed this case solely on the basis that the petition alleged that Plaintiff entities were Texas and Georgia entities.  This, however, is an insufficient basis upon which to remove a case to federal court.

In any event, it is disputed whether complete diversity exists between the parties.  Plaintiffs have filed no statement acknowledging the court's subject matter jurisdiction.  Moreover, Plaintiffs have refused to engage in voluntary discovery and provide information in its possession and in its control.  Given the posture of this case, the court finds it ironic that Plaintiffs, who originally filed this action in the 116th Judicial District Court, did not file a motion to remand if they truly believe that diversity of citizenship is lacking.  Customarily, a party who submits itself to a state court's jurisdiction with the initial filing will oppose any effort to have the action removed to a federal court if no jurisdictional basis exists to remove.  Plaintiffs, however, have not done so in this instance, and their reluctance to provide the requested information to Defendant causes the court to reasonably infer that diversity could exist between the parties; otherwise, Plaintiffs would have filed a motion to remand the action to state court showing that complete diversity does not exist.  Under these circumstances, the issue of diversity of citizenship is disputed, and the court believes limited jurisdictional discovery is appropriate.  *See In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) ("[W]e note that . . . some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact.") (citation omitted).  Accordingly, the court will grant

**Memorandum Opinion and Order - Page 7**

Defendant leave of court to conduct jurisdictional discovery in order to determine the citizenship of all Plaintiffs.

**IV.   Conclusion**

For the reasons herein stated, the court does not know whether it has subject matter jurisdiction over this action. Accordingly, the court **grants** Defendant's request for leave to conduct limited jurisdictional discovery. The limited discovery shall be completed by **August 15, 2013**. Upon the conclusion of discovery, Defendant must file a second amended notice of removal that sets forth the *citizenship* of *all* Plaintiffs in accordance with the standards set forth by the court. Defendant shall file its second amended notice of removal by **August 19, 2013.**

*The court gives Defendant a second chance to adequately allege complete diversity opportunity. The court allows Defendant this last chance to establish that this court has jurisdiction over this action. If the second amended notice of removal does not affirmatively and distinctly allege that complete diversity exists between the parties, the court will immediately remand this case to state court.*

**It is so ordered** this 2nd day of July, 2013.

Sam A. Lindsay
United States District Judge