IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MURCHISON CAPITAL PARTNERS, L.P., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-4746-L** |
| NUANCE COMMUNICATIONS, INC., | § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Reconsideration of Court's September 30, 2013 Order Granting Defendant Nuance's Motion to Dismiss (Doc. 27), filed October 28, 2013. After careful consideration of the motion, response, reply, pleadings, record, and applicable law, the court **denies** Plaintiffs' Motion for Reconsideration of Court's September 30, 2013 Order Granting Defendant Nuance's Motion to Dismiss.

**I.    Background**

This case concerns a securities fraud claim. Plaintiffs originally filed this action on November 1, 2012 in the 44th Judicial District Court of Dallas County, Texas, asserting claims against Defendant Nuance Communications, Inc. ("Defendant"). In Plaintiffs' Original Petition (the "Petition"), Plaintiffs allege a cause of action for securities fraud under the Texas Securities Act ("TSA") (Tex. Civ. Code Ann. § 581-33) to recover damages arising from Defendant's fraudulent inducement of Vocada, Inc. ("Vocada") and its former stockholders into a merger agreement. Pls.' Original Pet. 1. Plaintiffs also seek exemplary damages, prejudgment and postjudgment interest,

attorney's fees, and court costs. *Id*. at 13. Plaintiffs are all former Vocada stockholders who sold their stock to Defendant. *Id*. ¶ 49. Defendant removed this action to federal court on November 20, 2012, on the bases of diversity of citizenship and the amount in controversy.

In April 2007, Defendant and Vocada began discussing a potential business combination. *Id*. ¶ 33. In July 2007, Nuance proposed a merger "with an initial $20 million in cash or stock going to the Vocada stockholders and $4 million in cash or stock going to employee retention and management bonuses, and an additional $21 million in contingent 'Earnout Consideration' conditioned on Veriphy revenues hitting certain targets over a three-year period post-closing." *Id*. ¶ 34. Veriphy was the name of Vocada's software. *Id*. ¶ 30. Before the Merger Agreement was approved and closed, Defendant stated that it "intend[ed] to fully pursue the Veriphy business and consider[ed] the achievement of the earnout targets very important to the realization of the benefits of the transaction for Nuance." *Id*. ¶ 39. Vocada's board voted to approve the merger on October 16, 2007. *Id*. ¶ 40. The Merger Agreement closed on November 2, 2007. *Id*. ¶ 41.

In June 2009, Defendant sent an "Earnout Notice" to Vocada's Stockholder Representative, stating that the stockholders "were due no consideration under the first $7 million tranche of the Earnout Consideration." *Id*. ¶ 42. After the Stockholder Representative requested additional information, Defendant provided the information in the fall of 2009. *Id*. ¶ 43. The Stockholder Representative again requested more information in April 2010; however Defendant refused to provide that information. *Id*. In June 2010, Defendant sent its second "Earnout Notice." *Id*. ¶ 44.

In December 2010, the Stockholder Representative, on behalf of the stockholders, "initiated an arbitration proceeding" against Defendant "based on the arbitration clause in the Merger Agreement that requires disputes relating to the Earnout Consideration to be arbitrated in New York,

New York. *Id.* ¶ 45. On October 5, 2012, the arbitration panel concluded that Defendant fraudulently induced Vocada's board and stockholders to enter into the Merger Agreement. *Id.* ¶ 46. According to Plaintiffs, the Panel found that: (1) "[Defendant] made material representations of fact in the Side Letter to Vocada's board in order to induce the board members to enter into the Merger Agreement"; (2) "[t]he statements were false when made"; (3) "Vocada's board was justified in relying on the false representations contained in the Side Letter"; and (4) "Vocada's board members would not have entered into the Merger Agreement absent the assurances contained in the Side Letter." *Id.* ¶ 47.

While the Arbitration Panel found that Defendant fraudulently induced Plaintiffs, it concluded that "[Defendant]'s misrepresentations of material fact did not significantly contribute to Vocada's inability to achieve its earnout. On the contrary, the Panel finds that even if [Defendant] had complied with its representations regarding its current intentions, and its contractual promise to include revenue goals, it is reasonably certain that Veriphy would, nonetheless, not have achieved any of the three earnout thresholds identified in the Merger Agreement." Def.'s Ex. A 30 ("Award of Arbitrators").

On November 1, 2012, Plaintiffs filed two separate actions: (1) an Application to Vacate and Remand Arbitration Award ("Application") in the 192nd Judicial District of Dallas County, Texas; and (2) this securities fraud claim currently before the court. On November 20, 2012, Defendant removed both of these actions to federal court. The Application was removed to United States District Judge Jorge A. Solis's court, and the securities fraud claim was removed to this court. On November 27, 2012, Defendant filed its Motion to Dismiss and for Sanctions in this court. On July 30, 2013, United States District Judge Jorge A. Solis granted the Application to the extent it

**Memorandum Opinion and Order - Page 3**

requested to remand the Award because the Panel failed to provide sufficient findings of fact and conclusions of law on the issue of out-of-pocket damages. Judge Solis denied the Application to the extent that it requested to vacate the award. On August 7, 2013, Defendant appealed Judge Solis's decision.

On September 30, 2013, this court granted Defendant's Motion to Dismiss and denied Defendant's Motion for Sanctions. On October 28, 2013, Plaintiffs filed their Motion for Reconsideration. The court will now review Plaintiffs' Motion for Reconsideration.

## II.   Applicable Standard

Plaintiffs styled their postjudgment motion as a "Motion for Reconsideration." "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment under Rule 60(b).'" *Id*. (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HyrdroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that

could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.  Analysis

In Plaintiffs' Motion for Reconsideration, they argue that the court's Memorandum Opinion and Order incorrectly held that they were barred from bringing their claim under the Texas Securities Act ("TSA") because of *res judicata* and claim preclusion. Plaintiffs set forth the four elements that make up the test for claim preclusion: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court

**Memorandum Opinion and Order - Page 5**

of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. Plaintiffs do not challenge elements (1) or (4); rather, they contend that Defendant cannot meet elements (2) and (3). The court will now address elements (2) and (3), respectively.

### A.      Court of Competent Jurisdiction

Plaintiffs contend that their TSA claim currently before the court does not fall within the scope of the arbitration clause requiring only disputes regarding the Earnout Consideration and the Earnout Distribution to be arbitrated. Plaintiffs argue that the arbitration clause in the Merger Agreement is remedy specific and applies only to disputes relating to the Earnout Distribution or the Earnout Consideration. Plaintiffs further contend that the claim before the court (the TSA claim) seeks a remedy that is separate and apart from the Earnout Consideration; and therefore, it was a non-arbitrable claim that fell outside of the scope of the arbitration clause. According to Plaintiffs, that the TSA claim was a non-arbitrable claim means that the Panel lacked jurisdiction to hear that claim, and they therefore may raise it in subsequent litigation.

The Merger Agreement states:

> In case the Stockholder Representative shall have objected in writing to the Earnout Notice in a timely manner **or in case of any other dispute relating to the Earnout Consideration**, the Stockholder Representative and Parent will attempt in good faith to resolve such objecting or dispute . . . In the event the parties cannot come to an agreement as set forth [above] within thirty (30) days after the date on which the Stockholder Representative objected in writing to the Earnout Notice or, in the event the dispute does not relate to an Earnout Notice, the date on which the parties determine that they are unable to reach agreement pursuant [to the provision above], such dispute shall be resolved in the manner set forth in Section 7.4(d) hereof.

Def.'s App. 116 (emphasis added). Section 7.4(d) of the Merger Agreement lays out the process for arbitration. In other words, any dispute *relating to* the Earnout Consideration is subject to

**Memorandum Opinion and Order - Page 6**

arbitration. Plaintiffs interpret the "relating to" phrase as limiting the arbitrable disputes to those that involve the Earnout Consideration as a remedy. The court disagrees.

Plaintiffs contend that its TSA claim involves a remedy that is completely separate from a "benefit-of-the-bargain" type remedy and separate from the Earnout Consideration. Even accepting Plaintiffs' argument as correct, it is clear that their TSA claim *relates to* the Earnout Consideration. Plaintiffs' entire claim rests on the contention that had they not been promised an Earnout Consideration, they would not have entered into the Merger Agreement. In its Memorandum Opinion and Order, filed September 30, 2013, the court laid out in great detail how the TSA claim relates to the Earnout Consideration. For these reasons, the court will deny Plaintiffs' motion to reconsider as to this element of claim preclusion.

### B.   Final Judgment on the Merits[*]

Plaintiffs contend that the Arbitration Award ("Award") is not a "final judgment on the merits" with respect to their TSA claim because Judge Solis remanded the Award to the Arbitration Panel ("Panel") to determine whether Plaintiffs were entitled to out-of-pocket damages. Plaintiffs argue "the fact that the Panel has not yet resolved the out-of-pocket damages issue means that there has been *no final judgment on the merits* for the purposes of claim preclusion against Plaintiffs on their TSA claim." Pls.' Mot. for Reconsideration 7-8.

While the court is not aware of any precedent directly addressing whether an arbitration award serves as a final judgment in the context of claim preclusion, the Fifth Circuit has stated, "The application of collateral estoppel from arbitral findings is a matter within the broad discretion of the

---

[*] The court notes that while Plaintiffs previously argued that claim preclusion does not apply, they never argued that there has not been a final judgment on the merits. Even assuming that Plaintiffs had previously contended in their responses to Defendant's Motion to Dismiss that there has not been a final judgment on the merits, the court determines that this argument fails.

**Memorandum Opinion and Order - Page 7**

district court . . . and *a district court's discretion in deciding whether to give arbitral findings preclusive effect* also keeps the risk of prejudice at an acceptable level, at least when the arbitral pleadings state issues clearly, and the arbitrators set out and explain their findings in a detailed written memorandum." *Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1137 (5th Cir. 1991) (emphasis added) (citations omitted).

The Panel held that "Vocada shall take nothing on its claims." Def.'s App. 32. Further, the Award stated, "This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." *Id*. The court acknowledges that Judge Solis remanded the Award so that the Panel could address the applicability of out-of-pocket damages; however, Judge Solis clearly stated that the Award would not be vacated. The court also understands that Defendant appealed Judge Solis's decision, and that the appeal is before the Fifth Circuit. If the Fifth Circuit disagrees with Judge Solis and determines that the Panel did address out-of-pocket damages, the Panel's decision is final, and Plaintiffs would be precluded from pursuing the TSA claim before this court. Furthermore, if the Fifth Circuit agrees with Judge Solis and determines that the Panel did not address the out-of-pocket damages, the Panel will then have the opportunity to address out-of-pocket damages. If the Panel finds that out-of-pocket damages should not be awarded, the Panel's decision is final, and Plaintiffs would be precluded from pursuing the TSA claim before this court. If the Panel finds that out-of-pocket damages should be awarded, Plaintiffs will receive out-of-pocket damages, the Panel's decision is final, and Plaintiffs would be precluded from pursuing the TSA claim. In other words, no matter what the Fifth Circuit decides, this Award will be, if not already, final. From the standpoint of judicial economy and that of bringing litigation to an end, under the circumstances presented, it is impractical and injudicious

to continue this litigation and require Defendant to refile its Motion to Dismiss once the Fifth Circuit and Panel have sorted out the out-of-pocket damage issue. For these reasons, the court uses its discretion and determines that the Panel's decision is final.

### C.     Miscellany

The court addresses two other miscellaneous contentions made by Plaintiffs in their Motion for Reconsideration. First, Plaintiffs disagree with the court's statement that the remedy afforded by the TSA is the functional equivalent of Plaintiffs having the chance to receive all actual damages (including both benefit-of-the-bargain and out-of-pocket damages). Even if the court's identification of the remedy offered by TSA is incorrect, this distinction has no bearing on whether Plaintiffs' TSA claim is barred because of claim preclusion. As previously discussed, Plaintiffs' TSA claim "relates to the Earnout Consideration" and could have therefore been brought before the Arbitration Panel. Even if the TSA claim could have provided Plaintiffs with a different type of remedy, the same claim or cause of action is still involved in both suits, and the arbitration panel was a court of competent jurisdiction to consider the TSA claim. Furthermore, the type of remedy provided by the TSA has no effect on whether the Panel's decision was final.

Second, Plaintiffs disagree with the court's statement that "the arbitration panel did not even have to determine damages, as it held that Defendant's fraudulent inducement was not a but-for cause of the earnout thresholds not being reached." As manifested by Judge Solis's decision, whether the arbitration panel needed to make a further determination regarding damages is at issue and is currently being reviewed by the Fifth Circuit. Even if the arbitration panel needed to determine further damages, this requirement has no bearing on Plaintiffs' TSA claim being precluded and also has no impact on the finality of the Panel's decision as previously discussed.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiffs' Motion for Reconsideration of Court's September 30, 2013 Order Granting Defendant Nuance's Motion to Dismiss.

**It is so ordered** this 25th day of June, 2014.

                                                Sam A. Lindsay
                                                United States District Judge